JMash, C. J.
 

 The Court has examined, with great care* the
 
 *442
 
 bill of exceptions filed in this case, and also the record, properly so called, anxiously desirous to discharge their duty, both to the State and to the prisoner. Much matter not pertinent to the case was thrown into the argument here. We listened to it patiently and respectfully, willing that the prisoner should have the benefit of every suggestion which could legitimately be taken into consideration by us.
 

 This Court is strictly a Court of Error, and can only review matters of law. We cannot, therefore, in forming our judgment, go out of the record. To that we are strictly confined. In the case of the
 
 State
 
 v.
 
 Godwin, 5
 
 Ire. 401, after a conviction of murder, a motion was made for a new trial upon the ground that the constable, who had charge of the jury, upon their retirement to make up their verdict, left the jury for an hour and a half ; and affidavits were laid before the Superior Court and were sent to the Supreme Court. The latter tribunal refused to look into them, upon the ground they were confined to the record ; and in the case of the
 
 State
 
 v.
 
 Gallimore,
 
 7 Ire. 147, it is ruled that every appeal to this Court consists of the record of the case below and of the statement, which is in the nature of a bill of exceptions. ' It has therefore long been considered the law of this Court, that only those points which were ruled below and presented in the bill of exceptions can be heard here, unless they appear upon the record proper. A due attention to this rule would save much time, and show that we cannot be governed or influenced by the
 
 ore tenus
 
 incidents of the trial. In law, the exceptions of the party aggrieved must appear upon the bill of exceptions, because he is the objector. The statement in this case contains the exceptions of the prisoner. The first is, that the prosecuting officer asked a witness, the daughter of the prisoner, whether her father and mother did not quarrel ? The counsel for the prisoner objected to the question, insisting that the witness should be asked what they quarreled about. The Court observed that •they could cross-examine as to the cause of the quarrel. ■ In this there was no error in law. The question on the part of the State was to show the terms upon which the prisoner and his wife lived, and it was proper that the explanation of the cause of their quarreling should come from the prisoner — the object of a cross-exam
 
 *443
 
 ination being to bring out every thing calculated to explain that which is given in chief. But the counsel in his argument here insisted that the Judge below misunderstood his meaning, and assumed that lie intended to admit that they did quarrel, and .that he only asked to know what they quarreled about; whereas he meant that the witness, should state what was said by the parties, that the jury might decide whether what passed amounted to. a quarrel or not. In giving the prisoner the benefit of this construction, we are of opinion there was no error, because the word
 
 quarrel
 
 is a common English word, with a meaning as well known as fighting, and it is certainly as competent for a witness to be asked if two men upon a particular occasion. fought, and what they fought about.
 

 The second exception that the Court was required to instruct the jury that if the deceased did come to her death by the hands of the prisoner, if it were by breaking her neck, he could not be convicted upon this indictment, which charged she came to her death by suffocation or strangling. The case states that it was so argued by the counsel to the jury, but that the Court was not asked so to charge, but did charge that the jury must be satisfied beyond a reasonable doubt that the deceased came to her death by strangling or suffocation. The Court could not charge as required, for the reason that there was no testimony that the'neck was broken, and a Judge is never bound to charge upon a hypothetical case.
 
 State
 
 v. Benton, 2 Dev. & Bat. 196.
 

 The fourth exception agrees in substance with the statement of of the case. It admits that Dr. Williams stated that from his examination he was of opinion the neck was not broken, and the case states that he
 
 more positively
 
 it was not broken.
 

 The third, fifth and sixth exceptions stand upon the same ground, and if sustained,- would certainly entitle the prisoner to a
 
 venire de novo.
 
 But they are all negatived by the statement of the case. The only difficulty presented to us as to these exceptions is the manner in which they are presented. Where exceptions are taken to the manner in which the Court has put the case before the jury, either upon a point of law or upon the facts, the Judge must necessarily be at liberty to state what he did rule, and how he did charge. Justice to all parties requires this : oth-
 
 *444
 
 ' erwise the case would always be at the mercy of the excepting party. The statement which accompanies every appeal in a case at law, is not strictly a bill of exceptions, but is considered in the nature of one, so much so that we are not at liberty to look out of it, or consider any exception not taken below, and stated in it.
 
 King
 
 v.
 
 King,
 
 4 Dev. & Bat. 164 ;
 
 State
 
 v.
 
 Hunter,
 
 1 Dev. 100 ;
 
 State
 
 v.
 
 Gallimore,
 
 7 Ire. 147. In the case here the Judge has made a statement of the evidence as it applied to each exception, and the manner in which he placed it before the jury. In each respect it essentially differs from the facts as alleged in the exceptions third, fifth and sixth. By which shall we be governed? Certainly by the statement made by the presiding officer, whose duty it is to give a full and fair statement of all that relates to the exceptions, while it is the duty of the excepting counsel to except only to so much of the matter as will subserve his client’s case. Taking this principle as our guide, the charge below was in no particular that we can discover, in violation of the duty as a Judge, as required by the Act of 1796 — which requires him to state the facts in a full and correct manner. But in doing this he is not confined to the words of the witness, but may state all the attendant circumstancess as they appeared in evidence, and show wherein they are contradictory, and how reconcilable, and draw the attention of the jury to the reasonable inferences that are to be drawn from them. It is only where the exhibition of the testimony is partial and unfair, that the party has a right to complain ; and unless such clearly appears to the Court, it cannot interfere.
 
 McNeill
 
 v.
 
 Massey,
 
 3 Hawks 91 ;
 
 State
 
 v.
 
 Morris,
 
 Ib. 388 ;
 
 Paschall
 
 v.
 
 Williams,
 
 4 Hawks 202.
 

 We cannot perceive in the case any error committed by the presiding Judge, calling upon the Court to disturb the verdict of the jury.
 

 A motion is also submitted in arrest of judgment. The reason assigned is insufficient. ■ From the record it appears that the prisoner was at the bar during the selection of the jury : for it shows at the commencement of the trial, that the prisoner being brought to the bar in the “ custody of the sheriff” &c.; after this is the drawing of the jury; and the jury in their verdict say that they find the prisoner at the bar &c., and after it is this entry : “the
 
 *445
 

 prisoner
 
 is thereupon
 
 remanded
 
 to jail.” It thus manifestly appears that the prisoner was present at the bar when the jury was drawn, and during the whole time of the trial. The entry, after he was brought into
 
 Court
 
 — “ it is therefore ordered that he be again committed to his custody.” — that is, the custody of the sheriff, cannot alter the record as to his actual presence. Such an order was right and proper, to make the sheriff responsible for his person, so as to prevent an escape, and supercede the necessity for a fresh order to that effect every time the Court should take a recess, which often occurs on the trial of a capital case. It is true the prisoner was in the custody of the law, and the Court had a right to so order as that he should be forthcoming to hear his verdict and the judgment.
 

 We are unable, upon examination of the whole case, to perceive any error in the charge of the Judge to the jury ; and the reason in arrest of judgment is not valid. And this opinion will be certified to the Superior Court of Lincoln that they may proceed according to law.
 

 Per Cumam:. Judgment affirmed.