## YOUNG *vs.* THE STATE.

[INDICTMENT FOR ILLEGAL TRAFFIC WITH SLAVE.]

39 357
124 37
124 46

1. *Personal presence of prisoner at rendition of judgment.*—In a criminal case, judgment for a corporal punishment cannot be rendered against the prisoner in his absence; and the record must affirmatively show that he was present in court.
2. *Reversal of judgment in part.*—Where judgment is rendered against the defendant in a criminal case, for the amount of the fine assessed against him by the jury, and directing that he remain in the custody of the sheriff until the fine and costs are paid; and, on a subsequent day of the term, when he is not shown to have been personally present, the court also sentences him to imprisonment in the county jail, the latter judgment only will be reversed, and the cause remanded.

WRIT OF ERROR to the Circuit Court of Calhoun. Tried before the Hon. JOHN T. HEFLIN.

THE prisoner in this case was indicted, at the April term of said court, 1863, for illegal traffic with a slave; pleaded not guilty to the indictment; was tried and convicted at the spring term, 1864, when, as the record shows, the following judgments were rendered against him:

"March 30, 1864. This day came J. H. Caldwell, solicitor, who prosecutes for the State, as well as the defendant

in his own proper person; and the defendant, being charged on the bill of indictment, for plea thereto says, that he is not guilty. Thereupon came a jury," &c., "who, upon their oaths do say, 'We, the jury, find the defendant guilty as charged in the indictment, and assess a fine against him of one hundred and thirty-three 33-100 dollars.' It is therefore considered by the court, that the State of Alabama, for the use of Calhoun county, recover of the defendant the sum of one hundred and thirty-three 33-100 dollars, so assessed by the jury as aforesaid, and that the defendant remain in the custody of the sheriff until the fine and costs are paid." (At the bottom of this judgment in the transcript are written the words, "Fine and costs paid, March 30, 1864.")

"April 7, 1864. The defendant in this case having been convicted, under an indictment for buying and receiving wheat from a slave by the name of Tillman, the property of Craven Wilson, on a former day during the present term, and a fine of one hundred and thirty-three 33-100 dollars assessed against him; it is considered by the court, that the defendant be imprisoned ten days in the common jail of Calhoun county, and until the costs of his imprisonment are paid, or he is otherwise discharged by law."

There is no bill of exceptions in the record, and the cause is brought up by writ of error; the judgment of April 7, 1864, above set out, being assigned as error.

M. J. TURNLEY, for plaintiff in error.
M. A. BALDWIN, Attorney-General, *contra.*

STONE, J.—Two well-defined principles of law render it necessary that the judgment pronounced by the circuit court in this case be reversed : *first,* that judgment cannot be given against any man, in his absence, for a corporal punishment; and, *second,* that the record must affirmatively show the prisoner's presence.—*Kelly v. State,* 3 Smedes and Mar. 518–28; *Cole v. State,* 5 English, (Ark.) 324–5; *State v. Hughes,* 2 Ala. 104; *People v. Perkins,* 1 Wendell, 91; *Rex v. Duke,* 1 Salk. 400; *Dunn v. Commonwealth,* 6 Barr, 384; *Jacobi v. Commonwealth,* 5 Serg.

& R. 315; *Wade v. The State,* 12 Geo. 25; *Regina v. Parkinson,* 6 Eng. L. & Eq. 352. Possibly, it is enough if the record show by fair inference that the prisoner was present when the sentence was pronounced; but his presence must be affirmatively shown.—*State v. Craton,* 6 Ired. 164; *Sperry v. Commonwealth,* 9 Leigh, 623; 2 Lead. Cr. Cases, 449, and note. It is much the safer practice, however, to express the fact positively, and leave nothing to inference.

There is nothing in the present record which tends to show that the defendant was present when the sentence of imprisonment was pronounced,—some eight days after the verdict of the jury was rendered.

[2.] But this reversal extends no further than the final judgment of the court, rendered on the 7th day of April; that which superadds the ten days' imprisonment. The case is remanded, that the circuit court, having the defendant personally present, may consider of, and determine the question of imprisonment under the statute, (Code, § 3285,) as part of its judgment in this cause.—*Kelly v. State,* 3 Sm. & Mar. 528; *Cole v. State,* 5 Eng. (Ark.) 325; *People v. Clark,* 1 Park. Cr. Cases, 369; 2 Lead. Cr. Cases, 451.

Reversed in part, and remanded.