# Dix *v.* The State.

## *Murder.*

(Decided June 14, 1906.   41 So. Rep. 924.)

1. *Grand Jury; Drawing and Summoning; Written Order of Court; Necessity; Record; Sufficiency.*—Under § 10 of the Act amending the Jefferson Criminal Court Act (Acts 1900-01 p. 217.) it is not essential that the opinion of the judge of the necessity

[Dix v. The State.]

for the organization of the grand jury be in writing; and where the record recites that the grand jurors were drawn according to law, and that the court did formally organize the grand jury at the beginning of the term from the grand jury venire returned by the sheriff, it is sufficiently shown that the opinion of the judge had been duly expressed and communicated to the proper officers, and that the jurors were duly drawn and summoned.

2. *Criminal Law; Indictment; Notice to Accused.*—The defendant need not have notice that an indictment has been returned against him, previous to arraignment, nor need a copy if it be served upon him prior to that time.

3. *Same; Verdict, Return of; Personal Presence of Defendant.*—While a verdict of guilty, in felony cases, cannot be returned in the absence of defendant, whose personal presence must affirmatively appear of record, it is not necessary that the record should state in direct terms that the defendant was present at the rendition of the verdict, and during all the previous proceedings of the trial. Where the record recites the presence of the defendant at the time of arraignment, the continuance of the trial from day to day and that defendant was personally present when sentence was pronounced, it sufficiently appears by implication that defendant was personally present from arraignment during the entire sitting of the court to the rendition of the verdict.

4. *Same; Questions Reviewable; Bill of Exceptions; Necessity.*—Motion in arrest of judgment assigning grounds therefor, together with the court's action thereon, cannot be reviewed on appeal, unless shown by bill of exceptions.

5. *Same; Bills of Exceptions; Time of Signing; Extension by Agreement.*—Under Acts 1890-91, p. 915, and an Act amendatory thereof, (Acts 1900-01 p. 227,) a bill of exceptions may be legally signed at any time within 60 days after verdict, whether it extends into the succeeding term or not; but a bill of exceptions is not signed within the time prescribed when the 60 days elapsed before the beginning of the next term, and the agreed extension of time carried it over in to the next term before signing. The time for signing cannot be extended by agreement into the next term, and the bill to be considered on appeal, must have been signed within the 60 days allowed by law.

APPEAL from Jefferson Criminal Court.

Heard before HON. D. A. GREENE.

The defendant was indicted, tried and convicted for killing Bert Pesnell by cutting him or stabbing him with

a knife. The facts in reference to the motions and demurrers sufficiently appear in the opinion, except as to the seventh, eighth, ninth, tenth, eleventh, and twelfth ground for the motion and arrest of judgment, which were as follows: "(7) That the jury trying the defendant was not selected from the lawful venire. (8) That the jury that tried this case was not selected from the list served on defendant as a list from which he could select his jury from. (9) That many of the names served on the defendant as persons from whom he should select his jury were not in the number he did select from . (10) That the names of all the persons on the jury who tried defendant do not appear on the list served on the defendant as a list from which he should select his jury, nor were they all either on that list or drawn to complete the third jury for that week. (11) That the court improperly struck the defendant's special pleas in bar from the file without requiring the state to demur to such pleas or either of them. (12) That the court improperly eliminated the issues raised by the defendant's special pleas in bar without evidence or demurrer on or to said pleas." The defendant was convicted and sentenced to be hanged.

SHUGART & BELL, for appellant.—The record fails to show the presence of the defendant when the verdict of guilt was rendered by the jury. The record of the court should always disclose a trial by law.—*Hughes v. State,* 2 Ala. 102; *Sylvester v. State,* 71 Ala. 23; *Spicer v. State,* 69 Ala. 159; *Hayes v. State,* 107 Ala. 1; *Jackson v. State,* 102 Ala. 76; *Eliza v.State,* 39 Ala. 693; 1 Bish. Criminal Proc. § 272.

The pleadings were not settled, nor issue joined until after the jury was organized; and this was error.—*State v. Hughes,* 1 Ala. 655; *State v. Ferguson,* 134 Ala. 63.

The venire should have been quashed because the record shows no order for summoning the special venire. An oral order is not sufficient.—Acts 1890-91, p. 915; *Posey v. State,* 73 Ala. 494; *Sylvester's Case, supra; Spicer's Case, supra.*

The court erred in refusing to allow the juror Bennett to be challenged for cause.—*Charleston v. State,* Sou.

[Dix v. The State.]

Rep. 259; *Carr v. State,* 16 So. Rep. 150. The juror Moulton being related to counsel for prosecution, was subject to challenge for cause.—*Danzey v. State,* 28 So. Rep. 697. (Counsel discuss further errors in reference to the drawing of the jury but cite no authority).

There was no evidence of murder in the first degree.— *Compton v. State,* 110 Ala. 24; *Brown v. State,* 109 Ala. 76.

The court erred in refusing to charge the jury that a negro was entitled to the same treatment as a white man. —*Etheridge v. State,* 124 Ala. 106; *Posey's Case, supra.*

MASSEY WILSON, Attorney General, for State.—The record sufficiently shows the presence of accused when the verdict was rendered.—*Cawley v. State,* 133 Ala. 128; *Milton v. State,* 134 Ala. 42; *Stewart v. State,* 137 Ala. 33. Conceding that it is necessary to show an order of the presiding judge to summon the special venire, and that no such order is shown any error therein is cured by section 5269, code 1896.—*Shirley v. State,* 40 So. Rep. 269. The organization of the court shows that the law was fully complied with in reference to the jury.—*Stewart's Case, supra; Cawley's Case, supra.* The bill of exceptions cannot be considered as it was not signed in time.—*Adams v. State,* 40 So. Rep. 85.

DENSON, J.—The indictment was found during the September term, 1905, of the criminal court of Jefferson county, and was presented in open court on the 7th day of November, 1905. On the day the indictment was presented, the defendant being in open court, the court proceeded to arraign the defendant, when he objected to being arraigned because he had had no previous notice that the indictment had been returned into court ,and because no copy of the indictment had been served on him. He also moved to quash the indictment for the same reasons. The law neither requires that the defendant in a criminal case shall have previous notice of the indictment nor a copy of it previous to his arraignment. The objection and motion were properly overruled.

After overruling the objection and motion the court arraigned the defendant, he pleaded not guilty, and December 11, 1905, was fixed by the court as the day for the trial of the case. On the 11th day of December the defendant demurred to the indictment and moved to quash it. The gist of the demurrer and the motion is that the record fails to show that there was a written order of the presiding judge, or either of the judges,' of the criminal court for drawing or summoning a grand jury for the September term 1905, of said court. Section 10 of the act amendatory of the act to establish a criminal court of Jefferson county, which amendatory act was approved December 7, 1900, provides: "That the grand and petit juries for said criminal court of Jefferson county shall be drawn, summoned and impaneled for each of said terms of said court, if in the opinion of the judges it is necessary to dispose of the business thereof, in the same manner as is now provided for or which may be hereafter provided by law in reference to said court, and shall have the same powers as the circuit courts to issue special venires and to summon tales jurors; Provided, that the judge of said court shall have the power to direct for what weeks of the term jurors may be drawn; and provided further, that they shall impanel at least two grand juries each year; and provided further, that all laws now in force as to the drawing, summoning and impaneling of juries shall in no wise be affected by the passage of this act, but same shall remain in full force and effect." —Acts 1900-01, p. 217. If the question is one which can be raised by demurrer, yet we do not think the act contemplates— at least it is not made indispensable—that the opinion of the judge referred to shall take the shape of or be expressed in the form of a written order to be incorporated in the organization of the court, but such opinion may be expressed orally. In this instance the record recites that the grand jurors were drawn according to law, and the court, as shown by the record, did formally organize the grand jury at the beginning of the September term from the venire turned into court by the sheriff. It must follow from this that the opinion of the

judge had been duly expressed and communicated to the proper officials and the jurors had been duly drawn and summoned.—*Sudduth's Case,* 124 Ala. 32, 27 South. 487.

It is not claimed by the appellant that the record fails to show affirmatively that he was present when the verdict was received by the court—when it was rendered. It is settled law that in felony cases a verdict of guilty cannot be returned in the absence of the defendant, and his presence must be affirmatively shown by the record. —*Hayes' Case,* 107 Ala. 1, 18 South. 172; *Hughes' Case,* 2 Ala. 104, 36 Am. Dec. 411; *Young's Case,* 39 Ala. 357; *Sudduth's Case,* 124 Ala. 32, 27 South. 487. This legal right of defendant is fortified by an unbroken line of decisions, English and American. In fact, there is no dispute as to the law. But the difficulty arises in determining whether in point of fact the record fails to affirmatively show the presence of the defendant. It is stated in *Young's Case, supra,* that "possibly it is enough if the record show by fair inference that the prisoner was present when the sentence was pronounced." The question there related to the prisoner's presence at the time of sentence, and we hold that if the recitals of the minute entries, reasonably construed and by fair inference, show the presence of the defendant, this would be an affirmative showing of his presence by the record.

The record here shows that the defendant was present in person on the 11th day of December, the day the case was tried; that on the call of the case for trial on that day the defendant was duly arraigned, and, after several preliminary motions made by the defendant were overruled; that issue joined on a plea in abatement was determined by the jury against the defendant; that he then filed the plea of not guilty and four special pleas; that the special pleas were, on motion of the state, stricken from the file. The record then recites: "And on this the 12th day of December, 1905, issue being joined on the defendant's plea of not guilty filed in this cause, thereupon case a jury of good and lawful men, to-wit, L. S. Kates and eleven others, who being duly impaneled and sworn according to law, before whom this trial was entered upon

and continued from day to day and from time to time. Now on this the 16th day of December, 1905, said jurors on their oaths do say," etc. "* * * * On the 19th day of December, 1905, the prisoner was present in open court in his own proper person, and, being asked by the court if he had anything to say why sentence should not be pronounced upon him, said nothing." So the record shows the personal presence of the defendant when arraigned on the indictment on the 11th, that he pleaded to it, and it also shows his personal presence at the sentence. It is not necessary that the record should state in direct terms that he was present at the rendition of the verdict and during all the previous proceedings of the trial, although such presence was essential.

The recitals of the minute entry of his personal presence at the arraignment on the 11th and that the trial was continued from day to day and from time to time, and of his personal presence when sentence was pronounced, and that he said nothing why sentence should not be pronounced, are sufficient to warrant the conclusion that the record by necessary and reasonable implication shows the personal presence of the prisoner during the entire sitting of the court from the arraignment to the rendition of the verdict. "The allegations of the continuance of the trial from day to day and time to time sufficiently indicate that it was with the incidents before described of which the presence of the prisoner was one." We hold, therefore, that the record by necessary and reasonable implication shows that the defendant was present at the rendition of the verdict, and thus his presence is affirmatively shown.—*Young's Case,* 39 Ala. 357; *Snow's Case,* 58 Ala. 372; *Banks & Wood v. State,* 72 Ala. 522; *Lovett's Case,* 29 Fla. 357, 11 South. 172; *Irvin's Case,* 19 Fla. 872; *Palmquit's Case,* 30 Fla. 73, 11 South 521; *Stephens' Case,* 19 N. Y. 549; *West's Case,* 22 N. J. Law, 212; *Dodge's Case,* 4 Neb. 220; *Peter's Case,* 94 Fed. 127, 36 C. C. A. 105; *Jeffries' Case,* 12 Allen (Mass.) 145; *Rhodes' Case,* 23 Ind. 24; *Schirmer's Case,* 33 Ill. 276; *State v. Langford,* 44 N. C. 436; *State v. Wood,* 17 Iowa, 18.

After the verdict was rendered, but before sentence was pronounced, the defendant moved an arrest of judgment. The first four grounds of the motion presented the same question that was presented by the demurrer and motion to quash the indictment, and it is unnecessary to say more with respect of that question. The fifth and six grounds of the motion are fully answered by the record, which affirmatively shows service on the defendant of a copy of the venire, and the order of the court requiring that a copy of the venire be served; and an inspection of the record shows that the venires were drawn and formed in substantial conformity to the jury law applicable to Jefferson county as the same was construed in the case of *Maxwell v. State*, 89 Ala. 150, 7 South. 824. The other grounds of the motion present the questions which can be properly presented only by bill of exceptions.—1 Mayfield, p. 510, § 6 et seq .

The law provides that three terms of the criminal court of Jefferson county shal be held each year, and they commence on the first Monday in January, April, and September. It further provides that each term may continue until the business is disposed of, but expressly provides that the court shall adjourn 10 days before the beginning of the next term.—Acts 1890-91, p. 915. The trial in this case was held during the September term, the verdict was rendered on the 12th day of December, 1905, and the judgment and sentence were entered on the 19th day of December. The bill of exceptions was tendered, approved and filed on the 31st day of March, 1906, so that it appears to have been signed and filed after the adjournment of the term of the court next succeeding the one at which the trial was had, and more than 60 days after the conviction. The law applicable to bills of exception reserved on trials of causes in the criminal court of Jefferson county is found in the Acts Gen. Assem. 1890-91, p. 915. This law provides that all bills of exception must be filed in said court within 60 days after conviction; "provided that this act shall not be construed so as to prevent agreements in writing as to the time, between the solicitor and the counsel for defendant." On

the 9th day of February, 1906, an agreement in writing was made between the solicitor and the attorneys for the defendant extending the time for filing the bill of exceptions "30 days beyond the time allowed by law for that purpose." On the 13th day of March, 1906, another agreement in writing was made between the solicitor and the attorneys for the defendant whereby the time for signing was "extended for and including the term of 60 days from the date when the same might have been signed under the former agreement."

Under the statute referred to, we think that the bill might have been legally signed at any time within 60 days from the conviction, notwithstanding the time of signing would have been after the next ensuing term of the court had begun.—*Driver v. King,* 145 Ala. 585, 40 South. (6) 315. And if there had been more than 60 days from the time of conviction until the next ensuing term, the time for signing might have been extended by agreement of counsel to any time before the beginning of the next term; but, when the 60 days given under the statute extend into the term next ensuing after the term of conviction, under previous decisions of this court the time cannot be extended by agreement of counsel, and the bill must be signed within the 60 days. It follows that the bill of exceptions cannot be considered.— *Adams' Case,* (Ala.) 40 South. 85, and authorities there cited.

There is no error in the record, and the judgment of the lower court is affirmed.

Affirmed.

WEAKLEY, C. J., and HARALSON, TYSON, SIMPSON, and ANDERSON, JJ., concur.