# Barber v. The State.

*Murder.*

(Decided May 6, 1907.    43 So. Rep. 808.)

1. *Homicide; Trial; When to be Set.*—Section 5004, Code 1896, does not require that the cases therein mentioned shall be set for trial a day before the drawing of the jury; the jury may be drawn on the day of the setting of the trial.

[Barber v. The State.]

2. *Criminal Law; Former Jeopardy; Pleading; Burden of Proof.* —The defendant interposed a plea of former jeopardy alleging that the court in the former trial had jurisdiction to try the defendant. The state filed replication averring that the indictment in the former trial was void and the trial had at a place not authorized by law. Held, that the replications were but general denials of the plea placing upon the defendant the burden of proving that the trial was had by a court of competent jurisdiction.

3. *Same; Elements of Former Jeopardy; Indictment; Validity.*—A judgment on a former indctment had at a time not authorized by law will not support a plea of former jeopardy.

4. *Same; Jurisdiction of Court.*—A judgment of conviction by the circuit court of St. Clair county under an indictment found and a trial had at Pell City, will not support a plea of former jeopardy as the formation of the court which found the indictment and held the trial was void.

5. *Same; Appeal; Self Invited Error.*—Where the solicitor moved to submit the issue of former jeopardy first and separate from the other issues, and the defendant resisted this motion and moved that all the issues be submitted together, if any error was committed in so submitting the cause it was self invited and the defendant cannot complain.

6. *Same; Harmless Error.*—Where there was no evidence offered under defendant's plea of former jeopardy, if there was error in submitting such plea with the main issue, it was without injury.

7. *Same.*—The failure of the court to render a formal judgment on the verdict finding the issue of former jeopardy in favor of the state, if error, was harmless under section 4333, Code 1896, especially where there was no proof of the plea and there was a verdict of guilty on the main issue which eliminated the plea.

8. *Same; Instruction.*—There being no proof in support of the plea of former jeopardy it was not error to refuse to instruct the jury that if they believe all the evidence they must find for defendant on the plea of former jeopardy.

9. *Same.*—Where there was sufficient evidence to sustain a conviction the defendant is not entitled to the affirmative charge.

10. *Same; Singling Out Testimony.*—A charge singling out part of the testimony and giving undue prominence to the same is properly refused.

APPEAL from St. Clair Circuit Court.

Heard before Hon. JOHN PELHAM.

Frank Barber was convicted of murder in the first degree, and he appeals. Affirmed.

The defendant was charged with the murder of a peddler named Madnick, and convicted and sentenced to life imprisonment. A former trial of this case was had at Pell City, in St. Clair county; the court there

being held under an ordinance adopted by the constitutional convention held void in the former appeal in this cause, and under an act held void for want of notice of intention to apply. This former conviction is made a plea and interposed as defense to this action. The plea is as follows: "Comes the defendant, Frank Barber, by his attorneys, and pleads and says that he has been once in jeopardy for the offense now charged against him in this court, on the 7th day of June, 1904, in the circuit court of St. Clair county, Alabama. The defendant was in due form of law arraigned and pleaded not guilty of said offense, and was by the state of Alabama in due form of law placed on his trial before a jury of his county. And defendant further says that the witnesses were examined in due form of law before the said court and jury, and that the counsel for the state and the defendant addressed the court and jury in due form of law; that the court charged the jury relative to the premises contained in the indictment, and that said jury then according to law retired to deliberate on their verdict; and that on the 13th day of June, 1904, said jury returned into court and rendered a verdict in said cause, upon which verdict, which was in due form of law, said court then and there did render and enter judgment and sentence in all respect and accordance with and as required by law in such cases. Defendant says that said verdict, judgment, and sentence was for and on account of the identical charge and offense as alleged and set forth in the indictment and charge now under investigation in this case, and for which he is now held; and said court then and there had jurisdiction to hear and try defendant for said offense, all of which proceedings sufficiently appear by the records of said court, which are evidence thereof. Wherefore defendant prays judgment, and that by the court he be

discharged from the said premises in the said indictment specified." It seems that this plea of former jeopardy and the plea of not guilty were interposed at the same time. The solicitor thereupon moved the court to strike the plea of former jeopardy, because it came too late, and because it came after the plea of not guilty had been interposed. This being overruled, he demurred to the plea, first, because it was not sworn to; and second, that it does not sufficiently appear from the plea that said former trial was had by and before a court having jurisdiction of the person of the defendant, and it does not sufficiently appear from said plea that said trial was by and before a court having jurisdiction of the offense charged, and it does not sufficiently appear that said former trial was had at a time authorized by law. It does not appear that said former trial was at a place authorized by law. It does not appear that the indictment was good and sufficient. These demurrers being overruled, the state filed a couple of general replications, setting forth that the former indictment, upon which the former trial was had, was void, and that he had not been tried or placed on trial under any valid indictment since, and two special replications (replications 4 and 5), setting up that the indictment was returned and the trial had at Pell City at a time and under circumstances which rendered the indictment void and the trial and judgment void, which facts and circumstances are fully set forth in the replication. These demurrers being overruled, the defendant was put to his trial, and the issues submitted to the jury were the pleas of not guilty and former jeopardy. The judgment entry was the usual judgment entry in such cases, except that it omitted a formal entry of a finding on the special plea of former jeopardy in favor of the state.

The evidence tended to show that Barber did the killing after lying in wait for the deceased, and, after

killing him, dragged his body out of the road and took what money he had on his person. There was also evidence tending to show confession. The evidence for the defense tended to show an alibi. The following charges were refused to the defendant: "(A) If the jury believe all the evidence in this case, they must find the issue in favor of the defendant on his plea of former jeopardy." (B) General affirmative charge, with hypothesis. "(X) The court charges the jury that if, from all the evidence, the jury are satisfied beyond all reasonable doubt that the defendant did take the life of deceased by shooting him with a gun, or by shooting him with a pistol, yet if, from all the evidence, the jury has a reasonable doubt as to whether or not the defendant so took the life of deceased under the facts, circumstances and details as alleged by the evidence as offered by the state, that the defendant on the day of the killing told Preston Mc-Crory the killing occurred, or under the facts, circumstances, and details as it is alleged by the evidence as offered by the state, that defendant related and stated to the state's witness in the state of Arkansas on the 17th day of May, 1904, to the state's witness James Bowline, then, under all the evidence, the jury cannot find the defendant guilty of an offense higher than murder in the second degree." The defendant was convicted of murder in the first degree, and sentenced to be imprisoned in the pentitentiary for the period of his natural life.

INZER & MONTGOMERY, SMITH & HERRON, JAMES A. EMBRY, and ROBERT N. BELL, for appellant.—In the absence of a general replication to a plea of former jeopardy and the confession by the special replication of the facts therein alleged, the plea was confessed.— *State v. Walker*, 133 Ala. 183; *Lee v. Debardalaben*, 102

[Barber v. The State.]

Ala. 628; *Lucas v. Stonewall*, 139 Ala. 489. If the plea was not good the defect was waived by the replication. —*Craig v. Blow*, 3 Stewart 448; *Johnson v. Wrenn*, 3 Stewart 172. If the evidence in the case would not support the facts averred in the replication, the defendant was entitled to judgment.—*Gaston v. Parsons*, 8 Port. 459; *Lee v. DeBardalaben, supra; State v. Walker supra.* The plea was a valid one.—*Hollis v. The State*, 123 Ala. 74. Judgment was never rendered on the plea or replication.—*State v. Ligon*, 7 Port. 169; *Thayer v. The State*, 138 Ala. 39. The minute entry shows that the issue of former jeopardy was submitted to the jury with two other pleas which was error to reverse.—*Foster v. The State*, 39 Ala. 229; *Dominick v. The State*, 40 Ala. 680; *Faulk v. The State*, 52 Ala. 415; *Moody v. The State*, 60 Ala. 78; *Davis v. The State*, 136 Ala. 129; *Spraggins v. The State*, 139 Ala. 93. The judge failed to make an order respondeat ouster and this was a felony and it could not be waived.—*Finley v. The State*, 68 Ala. 486; *Spicer v. The State*, 69 Ala. 162; *Posey v. The State*, 73 Ala. 490; *Washington v. The State*, 81 Ala. 92. No matter how the plea was decided, there should have been a judgment on the plea and a disposition of it before a judgment of guilty could be entered.—*Fisher v. The State*, 46 Ala. 717; *Faulk v. The State, supra; Donnelly v. The State*, 130 Ala. 132; *Thayer v. The State, supra; Spraggins v. The State, supra.* It was error to permit witnesses not shown to be experts to state whether or not in their opinion the defendant was sane or insane.—*Caddell v. The State*, 129 Ala. 65; *Parrish v. The State*, 139 Ala. 43; *Berney v. Torrey*, 100 Ala. 157; *Parsons v. The State*, 81 Ala. 577; *Roberts v. The State*, 13 Ala. 68.

ALEXANDER M. GARBER, Attorney General, and BORDEN H. BURR, Solicitor of the 7th judicial circuit, for

State.—The term of the court at which the trial was had and the place were fixed by the ordinance of the constitution which was declared invalid in the case of *Ex parte Birmingham & Atl. Co.,* 145 Ala. 514, and on the appeal the case was dismissed in consequence thereof.— *Barber v. The State,* 143 Ala. 1.

Former jeopardy must be specially pleaded, and must be interposed before the plea of not guilty, and if not so interposed the defense is waived.—*Johnson v. The State,* 134 Ala. 54; *Jordan v. The State,* 81 Ala. 20. Jeopardy will not arise on an indictment insufficient in law to support a judgment of conviction.—*Sims v. The State,* 41 So. Rep. 413; *Johnson v. The State,* 82 Ala. 31; *Robinson v. The State,* 52 Ala. 587; *Finley v. The State,* 61 Ala. 201. An indictment which is preferred by a grand jury, organized at a term of the circuit court which is held at a time not authorized by law is void, and will not support a judgment of conviction. So, also, is an indictment void found at a place not authorized by law.—*Skinner v. The State,* 142 Ala. 46; *Kidd v. Burke,* 142 Ala. 625; *Frank Barber v. The State,* 143 Ala. 1; *Jackson v. The State,* 102 Ala. 76. In pleadings relying upon the unconstitutionality of statutes or ordinances it is not necessary to point out in what respect such statute was unconstitutional, it being sufficient to allege in general terms the unconstitutionality.—*City Council of Montgomery v. Birdsong,* 126 Ala. 648. A plea of former conviction must set forth the former indictment and the acquittal or conviction under it.— *Henry v. The State,* 33 Ala. 403; *Smith v. The State,* 52 Ala. 407; *Cross v. The State,* 117 Ala. 73. On the trial of an issue on a plea of former conviction the burden of proof is upon the defendant to prove his plea, and if he fails so to do the court may give the general affirmative charge on such issue.—*Oakley v. The State,* 135 Ala. 29.

Where it appears that declarations or confessions made by accused were voluntarily made, evidence of such declarations is admissible although proper predicate was not laid.—*Morris v. The State,* 41 South. 274.

ANDERSON, J.—The judgment entry shows a sufficient compliance with the statute (sections 5004 and 5005 of the Code of 1896) as to arraignment, setting case for trial, drawing venire, and ordering service of copy of venire and indictment. It also sufficiently shows the presence of the defendant at all stages of the trial.—*Dix v. State,* 147 Ala. 70, 41 South. 924. The statute does not require that the case be set for trial a day previous to the drawing of the jury. It is sufficient if the date of the trial is fixed the same day the jury is drawn. The statute means that these things must be done at least one entire day before the day which is set for the trial, not that the date for the trial must be fixed an entire day before the venire is drawn. The trial court properly overruled the motion to quash the venire.

Without determining the sufficiency of the defendant's special plea, to which the trial court overruled the state's demurrer, the state's replications were not subject to the defendant's demurrers, which were properly overruled by the trial court. The plea, among other things, avers: "And said court had jurisdiction to hear and try the defendant for said offense." If the indictment was void, and the trial had at a place not authorized by law, then the court did not have jurisdiction, and the first and second replications were in effect general denials of the plea, and put the burden upon defendant of proving that the trial was had by a court with jurisdiction. The third and fourth replications merely put in issue the jurisdiction of the court at

the former trial by setting out the facts that the indictment was found and the trial had at "Pell City" and at a time and place unauthorized by law. If the indictment was void, the court had no jurisdiction to try the case, and a judgment on a void indictment would not support defendant's plea.—*Sims v. State,* 146 Ala. 109, 41 South. 413. And if the indictment was found and the trial had at Pell City, then the court had no jurisdiction, and everything done there was void.—*Ex parte Birmingham & Atlantic R. R.,* 145 Ala. 514, 42 South. 118; *Barber v. State,* 143 Ala. 1, 39 South. 318.

"A plea of former acquittal and of not guilty should not be interposed at the same time. The plea of former acquittal should contain a protestation of innocence, and should precede a plea of not guilty. This last plea is not necessary, if the first prevails.—1 Bish. Cr. Pr. §§ 577, 578. If the two pleas are tendered together, they should not be submited to the jury at once; but the court should order the special plea passed upon first.— Id. If the plea is determined against the defendant, he is allowed to plead over, and to have his trial for the offense itself.—1 Whar. Am. Cr. Law, § 578. On an indictment for a misdemeanor, if the defendant interposes the plea of autrefois acquit, or autrefois convict, and the plea of not guilty, at the same time, and without objection proceeds to trial on both, he waives the irregularity, and, if the jury pronounce on both pleas, he cannot take advantage of it.—*Dominick v. State,* 40 Ala. 680, 91 Am. Dec. 496. In a case of felony the rule is different. The failure to make objection to the trial of both issues at the same time is not a waiver of the irregularity, and advantage of it may be taken in arrest of judgment or on error. *Foster v. State,* 39 Ala. 229."— *Faulk v. State,* 52 Ala. 416. The bill of exceptions shows that the solicitor moved the court to submit the issue

under the plea of former jeopardy and the replication thereto to the jury first and separate from the other issues, "and the defendant thereupon objected and resisted the motion ,and requested and moved that said matter be submitted to the jury along with the other issues in the case." If there was error, it intervened at the instance and request of the defendant, and he cannot complain because the court granted his request.—*McAlister v. State*, 17 Ala. 434, 52 Am. Dec. 180. Moreover, the bill of exceptions does not show that any evidence whatever was offered in support of the plea, and the error of submitting it with the other issue was not injurious to the defendant.—*Faulk v. State, supra; Lucas v. State*, 144 Ala. 63, 39 South. 821, 3 L. R. A. (N. S.) 412; *Winston's Case*, 52 Ala. 419.

The defendant was not injured by a failure of the trial court to render a formal judgment on the verdict of the jury finding the issue on the special plea in favor of the state. There was no proof of the plea, and the jury properly found in favor of the state, and a party cannot complain of a neglect on the part of the court to do a thing which is neither of benefit or detriment to him. The verdict of the jury eliminated the plea.—Section 4333 of the Criminal Code of 1896.

We have carefully considered the ruling of the trial court upon the evidence, and pronounce it free from reversible error, and a detailed discussion of each exception will but uselessly incumber the books with a rehash of elementary rules.

The trial court properly refused charge A, requested by the defendant. There was no proof offered in support of the plea. Moreover, the bill of exceptions does not purport to contain all the evidence.

Charge B, requested by the defendant, was properly refused. It was the general charge, and there was sufficient evidence to warrant a conviction.

5 R

There was no error in refusing charge X, requested by the defendant. If not bad in other respects, it singles out a part of the testimony of a witness, and gives undue prominence to the portion thereof. which is most favorable to the defendant. Trial courts are justified in refusing such charges.

The judgment of the circuit court is affirmed.

Tyson, C. J., and Dowdell and McClellan, JJ., concur.