# Walker *v.* The State.

*Murder.*

(Decided July 6th, 1906, 41 So. Rep. 878.)

1. *Criminal Law; Preliminary Proceedings; Jury Lists; Service.*— Where the special venire was drawn on a day of the first week

of the court and the capital case set for a day of the subsequent week, an order by the court directing the sheriff to serve a list of the jurors drawn and summoned for this week of the present term, together with a list of the special venire, upon the defendant, was not in compliance with the requirements of Sec. 5005, Code 1896, and was erroneous.

2. *Same; Persons Not Summoned.*—It was error to include within the list of regular jurors for the week of the trial served upon defendant, the names of jurors drawn but not summoned for that week.

3. *Same; Declarations of Deceased Persons; Materiality.*—The fact that the deceased asked a witness, after the wounds had been inflicted, if witness knew whether the negro who drove the wagon, the defendant, was married or single, was immaterial, and not admissable.

4. *Same; Dying Declarations; Res Gestate.*—The proper predicate having been laid, it was proper to permit proof of what the deceased said as to how and in what manner the assault was made and the fatal wounds inflicted.

5. *Same; Evidence; Mental Capacity.*—A person not shown to be an expert may testify as to whether or not deceased was conscious at the time of her statement.

6. *Jury; Qualification; Opinion.*—The jurors stated that they had a fixed opinion as to the guilt or innocence of the defendant that would bias their verdict, and, in reply to defendant's counsel, stated that it would take evidence to remove their opinion, but further stated that they would try the case according to the evidence. Held, that they were competent, and not subject to challenge for cause by defendant.

7. *Grand Jury; Number.*—The number of grand jurors being reduced below fifteen, the court properly completed the panel as required by Sec. 5023, Code 1896, and it was immaterial that the panel was increased beyond fifteen in number.

8. *Indictment; Homicide; Designation of Deceased.*—The indictment was not demurrable for that it designated deceased by different names in different counts.

9. *Homicide; Evidence; Dying Declarations; Predicate.*—On the second morning after the deceased was injured she said she could not live, that she had been murdered. Held, sufficient predicate upon which to admit her statements as dying declarations.

APPEAL from Walker Circuit Court.

Heard before Hon. A. H. ALSTON.

The defendant was indicted, tried and convicted for killing Maggie Dickerson by striking her with an ax or

[Walker v. The State.]

pistol, or with some instrument unknown to the grand jury. He was sentenced to be hanged. There was motion made to quash this indictment on the ground that the commissioners drew the names of 18 persons only to serve on the grand jury, that the jury was reduced by exemptions and excuses below 15, and the court organized the same by impannelling to serve as grand jurors 19 persons. The facts with reference to the motion to quash on the grounds of said motion are sufficiently set out in the opinion. When one Coker and others were drawn as jurors and called, in answer to the questions of the court they replied that they had a fixed opinion as to the guilt or innocence of the defendant that would bias their verdict. The court then asked whether they would try the case according to that opinion or by the evidence, if they should be selected as jurors. The jurors replied that they would try it by the evidence. By permission of the court, the defendant was permitted to ask the jurors if they had such a fixed opinion as to the guilt of the defendant as that it would take evidence to remove such opinion. The witnesses answered that they did. The court declared them competent jurors and put them upon the state. The state accepted them, and the court put them upon the defendant, who moved to challenge each for cause. The court overruled the motion and required the defendant to accept or reject them. To this the defendant excepted. The first count in the indictment alleged that the person killed was "Maggie Dickerson." The second count alleged the killing of "Maggie Dickerson, alias Maggie Dickinson." The demurrer to the indictment raised the question of the difference of names in the two counts.

John Dickerson was allowed to testify, over the objection of defendant, that Mrs. Dickerson began to talk on the second morning after the injuries were inflicted on her; that she said she could not live; that she had been murdered. He further testified, over the objection of the defendant, that Mrs. Dickerson asked him if he knew the negro that drove Capt. Long's team was married or single. Witness further testified, over the objection of defendant, that Mrs. Dickerson said he

knocked Joe in the head and jerked her out of bed; that she got up and secured Joe's pistol, and turned up the light, and tried to shoot him, but the pistol wouldn't fire, and he wrenched the pistol out of her hand and hit her over the head with it; that she begged him to spare her life and let her raise her little children. The defendant moved to exclude this last statement, but the court overruled the motion. Witness further testified that he found a cut place in the floor where the blood was, and there was hair in it. The state asked the witness the following question, to which the defendant objected: "Was the hair you found there the color of Mrs. Dickerson's?" The court overruled the objection, and the witness answered that in his best judgment it was. The defendant moved to exclude the answer, and the motion was overruled. The witness was also permitted to answer what Mrs. Dickerson said about what became of her husband's pistol. He was also permitted to testify, over the objection of defendant, that at the time Mrs. Dickerson made these statements in his judgment she was conscious. What is said in reference to this witness and the question propounded to him apply to the other witnesses in the case.

GRAY & COLEMAN, for appellant.—Copy of the venire should have been served on the defendant one entire day before his trial.—§ 5273, criminal code. The venire in this case should have contained the name of the special jurors together with the names of the jurors drawn and summoned for the week in which the trial was set.— § 5005. Failing to do this, the venire should be quashed on motion.—*Ryan v. The State*, 100 Ala. 105; 94 Ala. 74; *Burton v. The State*, 107 Ala. 108. The motion was made in time.—Authorities supra. The court erred in refusing the challenge for cause at the instance of defendant the juror who had a fixed opinion as to his giult. —§ 5016; *Stevens v. People*, 48 Mich. 739; *Winnesheik Ins. Co. v. Schculler*, 60 Ill. 645; *McGuire v. State*, 25 So. 494; *Carson v. State*, 50 Ala. 134; *Bayles v. State*, 63 Ala. 30. The juror Treadaway stated that it was probable that his opinion would bias his verdict, and

that rendered him incompetent.—*Smith v. James,* 4 Ill. 76. The word probable has a legal significance in Alabama given it by the courts of this state.—*Smith v. State,* 92 Ala. 32; *Bayne's Case,* 74 Ala. 38.

MASSEY WILSON, Attorney General, for the State.— The demurred to the indictment was without merit.— *Smith v. State,* 39 So. 329; *James v. State,* 115 Ala. 83. The bill of exceptions was not signed within the time required by law. The last order was made by the court and not by the presiding judge. The bill cannot be considered.—*Scott v. State,* 141 Ala. 39. The judgment entry in this case purports to be the action of the presiding judge and not of the court, and is not sufficient to support an appeal. In this state, a marked distinction is drawn between the court and the presiding judge.— *Scott v. State,* 141 Ala. 39; *Clayton v. The State,* 39 So. Rep. 1026; *Oslen v. State,* 39 So. 1028.

ANDERSON, J.—§ 5005 of the code of 1896 reads as follows: "When the day set for the trial of a capital case or cases is a day of the same week in which the special jurors are drawn as provided in the preceding section, the special jurors so drawn, together with the panel of petit jurors organized for the week, shall constitute the venire from which the jury or juries to try such case or cases shall be selected; and when the day set for the trial is a day of a subsequent week of the term, the special jurors so drawn, together with the jurors drawn and summoned for such subsequent week, shall constitute such venire." The court convened March 13th, and on March 18th, which was Saturday of the first week, the trial judge drew the special venire and set Thursday, the 23d, as the day for the trial. The judgment entry concludes as follows: "The sheriff was also ordered to serve a copy of the indictment in this case, together with a list of the jurors drawn and summoned for this week of the present term on the defendant or his attorney at least one entire day before the day set for the trial of this case, also a list of the special jurors drawn for the

4

trial of this case." The case being set for Thursday of the second week, the special jurors drawn by the judge and the regular jurors drawn and summoned for the second week of such term constituted the venire to try the case, and the jurors drawn and summoned for the week constituted no part of the venire. The order was made when this case was set, and "this week" related to the first, and not the second, week, and was therefore erroneous.

The bill of exceptions is not clear on the subject, but indicates that the sheriff served a list of the jurors drawn for the second week, and the proof shows that the list so served contained four persons who were drawn, but not summoned. Said four persons, not having been summoned, were improperly served on the defendant, as they constituted no part of the venire to try the case.— *Carwile v. State,* (Ala.) 39 South. 220, and cases there cited.

The trial court did not err in putting the jurors objected to upon the defendant. They showed upon the examination that their opinion was not so fixed as to bias their verdict.

There was no merit in the motion to quash the indictment. The number of grand jurors was reduced below 15, and the trial court complied with § 5023 of the code of 1896 in completing the grand jury. It makes no difference that the number was increased to over 15.—*Sanders v. State,* 129 Ala. 69, 29 South. 841.

The demurrer to the indictment was properly overruled. The state had the right to aver the deceased by different names in separate counts.

A sufficient predicate had been established to make the declarations Mrs. Dickinson made to Dickinson admissible. But what she asked him as to "whether the negro driver was married or single" was immaterial. The other evidence of Dickinson was competent as part of the res gestae. Nor did it require an expert to testify that Mrs. Dickinson was conscious.

The other objections are against the evidence of Mrs. Dickinson's declarations as detailed by different witnesses, and it is sufficient to say that a proper predicate

·[Walker v. The State.]

was established in each instance to make her declara-
tions legal evidence.

For errors above designated, the judgment of the cir-
cuit court must be reversed, and the cause remanded.
Reversed and remanded.

WEAKLEY, C. J., and TYSON and SIMPSON, JJ., concur.