(104 So. 50)

### LARGIN v. STATE. (6 Div. 529.)

(Court of Appeals of Alabama. March 17, 1925. Rehearing Denied April 7, 1925.)

**1. Jury ⊚⟹82(2) — Overruling of motion to quash venire because defendant had less jurors than called for by court's order held not erroneous.**

Overruling of motion to quash venire in murder prosecution because through duplication of names defendant had only 98 jurors to compose venire for trial, instead of 99 as required by order of court, held not erroneous.

**2. Courts ⊚⟹91(1)—Court of Appeals governed by decisions of Supreme Court.**

Decisions of Court of Appeals are governed by those of Supreme Court, in view of Acts 1911, p. 100, § 10 (Code 1923, § 7318).

**3. Criminal law ⊚⟹1170½(5)—Cross-examination of witness whether he was telling truth held harmless.**

Cross-examination of witness whether he had told the truth, and whether his testimony was best recollection of how a certain thing happened, held harmless, since by his oath witness was required to speak the truth.

**4. Criminal law ⊚⟹1170½(5)—Cross-examination of defendant on irrelevant matter held not reversible error.**

In murder prosecution, cross-examination of defendant as to how much money he had in his pocket was not reversible error, though matter inquired about appeared to be irrelevant.

**5. Witnesses ⊚⟹268(1)—Wide latitude allowed in cross-examination.**

A wide latitude is allowed on cross-examination.

**6. Witnesses ⊚⟹267—Latitude of cross-examination is within discretion of court.**

Latitude of cross-examination is within discretion of court.

───────────────

**7. Criminal law ⟐390 — Inquiry calling for self-serving uncommunicated purpose of defendant held properly excluded.**

In murder prosecution, inquiry of defendant whether he had taken his gun and pistol to meet deceased *held* properly excluded, since it called for a self-serving uncommunicated purpose or intention of defendant.

**8. Witnesses ⟐406 — Cross-examination held proper to test credibility of witness.**

In murder prosecution, cross-examination of defendant's wife, after she had testified that she just knew deceased when she saw him, whether a party of men had not searched their house for whisky and deceased was with them, was permissible to test credibility of witness.

**9. Homicide ⟐166(3) — Cross-examination held permissible to show motive by defendant in killing deceased.**

In murder prosecution, cross-examination of defendant's wife, after she testified that she just knew deceased when she saw him, whether deceased was not with a party of men who searched their house for whisky, was permissible as tending to show a motive by defendant in killing deceased.

**10. Criminal law ⟐342 — State may prove facts tending to show motive for offense charged.**

State may always prove facts which tend to show motive for commission of offense charged.

**11. Homicide ⟐300(3) — Charge held properly refused as being unintelligible.**

In murder prosecution, charge that if, when defendant and deceased met, and defendant in a peaceful manner spoke to deceased about having cursed defendant's children, and drew his pistol and shot defendant, defendant had a right to shoot in defense of his life, was properly refused as being unintelligible.

**12. Criminal law ⟐829(1) — Refusal of requested charge covered by other charges is not error.**

Refusal of requested charge fairly and substantially covered by court's oral charge, and other charges given at defendant's request, is not error.

**13. Homicide ⟐300(7) — Charge held properly refused under evidence.**

In murder prosecution, charge that if when defendant and deceased met, and defendant in a peaceful manner spoke to deceased about having cursed defendant's children, and drew his pistol and shot defendant, defendant had a right to shoot in defense of his life, *held* properly refused under evidence.

Appeal from Circuit Court, Tuscaloosa County; Fleetwood Rice, Judge.

Oscar Largin was convicted of manslaughter in the first degree, and he appeals. Affirmed.

Brown & Ward, of Tuscaloosa, for appellant.

Counsel argue for error in rulings discussed, but without citing authorities.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

No error resulted in the duplication of a juror's name upon the venire. Evans v. State, 209 Ala. 563, 96 So. 923. A question calling for an uncommunicated motive or intention is subject to objection. Moore v. State, 16 Ala. App. 503, 79 So. 201; Hill v. State, 18 Ala. App. 172, 90 So. 62. A wide latitude is allowed on cross-examination. Bigham v. State, 203 Ala. 162, 82 So. 192. Charges not predicated upon the evidence are properly refused. Edwards v. State, 205 Ala. 160, 87 So. 179.

BRICKEN, P. J. The indictment against this appellant, defendant in the court below, charged him with murder in the first degree. It charged that he unlawfully and with malice aforethought killed Edward Elliott by shooting him with a pistol. The trial resulted in his conviction of manslaughter in the first degree; the jury fixed his punishment at imprisonment in the penitentiary for seven years. Judgment of conviction was duly pronounced, and the defendant was sentenced by the court in conformity to the verdict of the jury, and from said judgment this appeal was taken.

[1, 2] The first question presented is predicated upon the action of the court in overruling defendant's motion to quash the venire. This motion was based upon numerous grounds, but ground 6 sets out fully the position of defendant in this connection. Ground 6 is as follows:

"The order of the court fixing the number of jurors for the trial of this case ordered the venire to be composed of 99 jurors, and said venire is not composed of said number, and said order was not complied with in this, that Can Bailey was drawn as a regular juror and J. T. Bailey was drawn as a member of the special jurors for the trial of this cause, and each of said names were served on this defendants as jurors for this trial, and said Can Bailey and J. T. Bailey is one and the same person; thereupon the defendant has only 98 jurors for the trial of this case instead of 99 as required by the said order of this court."

The record states:

"It was agreed between counsel representing the state and defendant that the facts stated in the foregoing motion are true, the juror being summoned as Can Bailey (No. 2) on the regular jury, and as J. T. Bailey (No. 62) on the special jury, but he was one and the same man."

Notwithstanding this agreed statement of facts relative to this matter, the court overruled defendant's motion to quash the venire, and an exception was duly reserved. The insistence of the defendant as to this

ruling has been sustained by innumerable decisions of the Supreme Court of Alabama, and this court. From the 68 Ala. (515) down to and including the 200 Ala. (577), this has been the uniform holding on this question. But in the case of Evans v. State, 209 Ala. 563, 96 So. 923, this identical question (by a majority opinion of the court) has been decided adversely to the insistence here made, and we perforce must be governed accordingly. Acts 1911, p. 100, § 10 (Code 1923, § 7318). The court there said:

"The majority * * * are of the opinion, and so hold, that the trial court did not commit reversible error in putting the defendant on trial by the venire drawn, notwithstanding the duplication on the list of the name of Jas. A. Mitchell. This error doubtless occurred in filling the box, and, notwithstanding the venire was one name short, it contained 49 more names than the minimum number fixed by law, and from aught appearing 30 or more appeared, and it was not necessary to augment the number unless reduced below 30. The authorities relied upon in the opinion of Thomas, J., except perhaps the Jackson case, were under older jury laws; but the law of 1909 and 1919 indicated a legislative desire to avoid reversals by errors of this character should it appear that there was no error in the order of the court, and that the defendant was tried by what constituted a lawful venire, that is, had a venire of 50 or over in the first instance, and the list from which he was to strike contained 30 or more names. Courts are not only intended to administer justice, but should be also conducted for practical purposes, and to our mind it would be a legal travesty to reverse this case solely upon the ground that the name of Mitchell was duplicated, notwithstanding the venire contained 99 names, and the defendant had every means of securing a fair and impartial jury."

[3] Rulings of the court upon the admission of evidence was invoked in several instances. The first of these relate to a question propounded by the solicitor to state witness Dr. J. S. Beale, upon redirect examination: "Q. What you have told has been the truth?" And the second question to this same witness on redirect examination: "You have told your best recollection of how it happened?" The defendant objected to each of these questions and also moved to exclude the affirmative answer of the witness in each instance. He reserved exceptions to the court's rulings. We do not think that error of a reversible nature appears in either of these rulings, as in our opinion the substantial rights of the defendant were not injuriously affected. It may be, as insisted, that this mode of examination is unusual, and that it was a question for the jury as to whether or not the witness had "told the truth." The usual oath administered to witnesses provides that the testimony given shall be the truth, the whole truth, and nothing but the truth, etc.; the inquiry and answer were therefore in line with the oath taken and in this, as well as the other insistence, supra, we are not prepared to predicate reversible error, for, as stated, we cannot see how the substantial rights of the accused were impaired.

[4-6] The next insistence of error upon the court's ruling on the testimony was upon the cross-examination of defendant, who offered himself as a witness in his own behalf. The solicitor asked defendant: "Q. How much money did you have in your pocket?" We do not and cannot see the relevancy of this matter, nor the purpose of the inquiry. We are of the opinion, however, that it was not sufficiently hurtful upon which to predicate reversible error. The elementary rules of evidence allow a wide latitude on cross-examination, and this usually within the discretion of the court.

[7] On redirect examination of defendant, he testified:

"I had not seen Mr. Elliott that day and did not know where he was when I started up the road. His house is back this way from my house. I did not go towards his house, but went the other way."

Counsel for defendant then asked him: "Q. Did you take that gun and pistol to meet him?" The court sustained the state's objection to this question. There was no error in this ruling. The inquiry was not proper. It called for a self-serving uncommunicated propose or intention of defendant, and this is never permissible.

[8-10] The remaining insistence of error predicated upon the court's ruling on the evidence occurred on the cross-examination of Mrs. Oscar Largin, wife of defendant. She testified: "I just knew Mr. Elliott when I seen him." The solicitor then asked her: "Q. I will ask you if a party of men didn't search your house for whisky, and Mr. Elliott was with them?" Over defendant's objection and exception, she answered: "I don't know." This inquiry, we think, was permissible, under the wide latitude allowed upon cross-examination, within the sound discretion of the court, and also to test the correctness of witness' statement: "I just knew Mr. Elliott when I seen him." Moreover, the jury would be authorized to consider the fact, if it be a fact, that deceased was with a party of men who had searched the home of defendant for whisky, as tending to show a motive upon the part of defendant in taking the life of deceased. It is always permissible for the state to prove facts which tend to show a motive for the commission of the offense charged. Such evidence assists in fixing the crime upon the proper person, and in some cases is strongly instrumental in determining the degree of the offense. While evidence of motive is permissible, it is not always necessary to prove motive. In this connection we must hold that no reversible error was made.

[11-13] In a most excellent and explicit oral charge, fair in the extreme to the accused. the court stated the law bearing upon the issues of this case in its every phase clearly and fully. In addition thereto, a large number of special written charges requested by defendant, 43 in all, were given. But one charge was refused. This charge appears in the record as follows:

"The court charges the jury if when defendant and deceased met, and defendant in a peaceful manner spoke to deceased about having cursed defendant's children and drew his pistol and shot the defendant, the defendant had a right to shoot in defense of his life."

This charge was properly refused; it was involved and elliptical and unintelligible. Moreover, the proposition of law attempted to be stated therein was fairly and substantially covered by the oral charge and by charges given at request of defendant. Furthermore, the charge was not predicated upon the evidence in the case. Edwards v. State, 205 Ala. 160, 87 So. 179.

Every question presented on this appeal has hereinabove been considered. We find no error in any of the rulings of the court, and, as the record is also free from error, the judgment of conviction appealed from must be affirmed.

Affirmed.