(109 So. 615)

### Ex parte LAWRENCE. (6 Div. 101.)

(Court of Appeals of Alabama. Sept. 7, 1926.)

**1. Bail ⬤═43—Accused either before or after indictment is entitled to bail before conviction as matter of right except for capital offense, and even then if proof is not evident or presumption of guilt great (Const. 1901, § 16).**

Under Const. 1901, § 16, every person accused of crime, whether before or after indictment, is entitled to bail before conviction as matter of right, except where offense may be capitally punished, and even then if proof is not evident or presumption of guilt great.

**2. Bail ⬤═43.**

It is safe to deny bail if court would sustain capital conviction on evidence.

**3. Bail ⬤═49.**

Although Court of Appeals on habeas corpus is not bound by decision of judge to whom original application for bail was made, presumptions attending his decision should not be overlooked.

**4. Homicide ⬤═29—If one of parties conspiring to manufacture whisky, and to prevent interference or arrest, kills officer attempting to arrest them, offense is murder as to every party in conspiracy (Code 1923, § 4627).**

Where parties conspire to engage in manufacturing whisky, contrary to Code 1923, § 4627, and to prevent interference and to resist arrest, if discovered, and one of conspirators kills officer attempting to arrest them, offense is murder in highest degree as to every party to conspiracy.

Bricken, P. J., dissenting.

Original petition of Harold Lawrence for habeas corpus to fix bail. Petition denied.

J. T. Johnson, of Oneonta, and J. Webb Stollenwerck, of Hillsboro, Tex. for petitioner.

All persons, before conviction, are as matter of right bailable, except in capital offenses, where the proof is evident or the presumption great. Const. 1901, § 16; Franks

v. State, 11 Ala. App. 70, 65 So. 857; Ex parte Croom, 19 Ala. 56. If there is a reasonable doubt under the evidence of the existence of any one of the elements of first degree murder (Code 1923, § 4454), petitioner is entitled to bail. Franks v. State, supra; Ex parte Bryant, 34 Ala. 270. Direct petition to this court is proper, under the amended statute. Robertson v. State, 20 Ala. App. 514, 104 So 561.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

The test of petitioner's right to bail is whether the evidence is such as would sustain a verdict of a jury finding petitioner guilty of the maximum degree of murder. Ex parte McAnally, 53 Ala. 496, 25 Am. Rep. 646; Ex parte Nettles, 58 Ala. 268; Ex parte Brown, 65 Ala. 446; Ex parte Sloane, 95 Ala. 22, 11 So. 14. Each co-conspirator is guilty of the murder of the officer. 1 Wharton, Crim. Law (11th Ed.) 728; Williams v. State, 81 Ala. 1, 1 So. 179, 60 Am. Rep. 133; Amos v. State, 83 Ala. 1, 3 So. 749, 3 Am. St. Rep. 682. A jury would be justified, on the evidence in this case, in finding defendant guilty of first degree murder. Jolly v. State, 94 Ala. 19, 10 So. 606; Thomas v. State, 130 Ala. 62, 30 So. 391; Caddell v. State, 129 Ala. 57, 30 So. 76.

SAMFORD, J. [1-3] The defendant is under indictment charged with murder in the first degree, and through this petition makes application for bail. Under the Constitution and laws of this state, every person charged with crime, whether before or after indictment found, is entitled to bail before conviction as matter of right, except when the offense may be punished capitally, and even then if the proof is not evident or the presumption great of defendant's guilt. Ex parte McAnally, 53 Ala. 495, 25 Am. Rep. 646, Con. 1901, § 16. In passing upon questions of bail arising under the section of the Constitution just cited, the courts have laid down this rule: "It is safe to deny bail if the court would sustain a capital conviction on the evidence." Ex parte Nettles, 58 Ala. 268. The judge before whom this defendant was tried at nisi prius on his plea of not guilty had all the witnesses before him, had the advantage of personally hearing each witness testify, such as we have not, and reached the conclusion, on application for bail after a mistrial had been entered, that the defendant was not entitled to bail, while this court is not bound in its decision by the decision of the judge to whom the original application was made, none the less there are presumptions attending such decision which this court may not overlook.

It is the contention of petitioner that the question of the guilt or innocence vel non depends upon the identity of petitioner as being the person who fired the fatal shot that caused the death of R. W. Buckner, and the issue seems to be accepted by the state. Of course, if petitioner did fire the fatal shot, and it is proven beyond a reasonable doubt, there could be no question of defendant's guilt of murder. Even that question, under the evidence here presented, is one of fact for the jury. If the jury should so find and should fix the highest penalty, this court would not be justified in setting aside the verdict.

[4] There is another phase of this case which impresses this court with more force than the point above mentioned; that is to say, defendant and several others were engaged in the violation of section 4627 of the Code of 1923, which under the law is a felony; they congregated, armed themselves, and went to the place in the woods in Blount county for the purpose of committing a felony, and, according to some of the testimony, with the avowed purpose of killing Buckner, if he interfered in the consummation of the crime in which they were engaged. We lay it down as a rule of law in this state that, where parties conspire together to engage in the unlawful manufacture of whisky in violation of section 4627 of the Code of 1923, and for the purpose of preventing interference with their unlawful purpose, or for the purpose of resisting arrest if discovered, and during the progress of the manufacture of the prohibited liquor and as a part of the res gestæ they are apprehended in the crime, and one of the conspirators shoots one of the apprehending officers from which such officer dies, the crime is murder, which may be punished in the highest degree, and its criminality extends to and embraces every party to the conspiracy. State v. Daniels, 119 Wash. 557, 205 P. 1054; State v. Williams, 28 Nev. 395; Com. v. Bodner, 16 Pa. Dist. R. 909; People v. Michalow, 229 N. Y. 325, 128 N. E. 228; Christian v. State, 71 Tex. Cr. R. 566, 161 S. W. 101. Mr. Wharton in his work on Criminal Law lays down this rule in volume 1, par. 540:

"When a party who having authority to arrest or imprison uses the proper means on a proper occasion for such a purpose and in so doing is assaulted and killed, it will be murder in all concerned if the intent be to kill or inflict bodily hurt."

Following this statement in the same volume at section 542 there is quoted the holding of Sir W. Russell, which we here quote with approval:

"Peace officers, while in the execution of their offices, are under the peculiar protection of the law—a protection founded in wisdom and equity, and in every principle of political policy, for without it the public tranquility cannot possibly be maintained, or private property secured, nor in the ordinary course of things will offenders of any kind be amendable to justice."

For these reasons and many others that might be mentioned, the killing of officers,

while in the discharge of their duties as such has been deemed murder of malice prepense, as being an outrage willfully committed in defiance of public justice. And where divers persons resolve generally to resist all opposers in the commission of a felony and to stand in opposition to the sheriff's posse, if necessary, they must at their peril abide the event of their actions. Therefore, if in doing any of these acts they kill one of the officers attempting to prevent the felony or to arrest those engaged in its commission, they are all guilty of murder. 3 Russell on Crimes, p. 134; Id. 127.

For obvious reasons we do not comment upon the testimony in this case, but have attempted to lay down general principles governing such cases. Holding to the above views, it is immaterial to the final issues as to which one of the parties engaged in the commission of the felony then in progress actually fired the fatal shot.

The petition is denied.

BRICKEN, P. J. (dissenting). I do not accord to the conclusion of the majority and regard the discussion indulged as being inapt. This petitioner is to be again tried upon the indictment, and no phase of his case should be prejudged in a proceeding of this character.

The law is, to justify a court in refusing bail, the judge must be of opinion, upon the evidence introduced on the hearing of the application, that the proof is evident or the presumption great that the defendant is guilty of the offense in the degree punished capitally. However, if a well-founded doubt exists as to defendant's guilt, the proof cannot be said to be evident or the presumption great, and the accused is entitled to bail as a matter of right. The writer has given careful scrutiny to all the evidence certified to this court, which includes the entire evidence adduced upon the main trial, as well as that on the habeas corpus proceedings before the circuit judge. This evidence cannot be here discussed, but from its tendency, under the rules above stated, the petitioner in my opinion is clearly entitled to reasonable bail. The prayer in the petition should be granted and bail awarded.