(114 So. 68)

## JACKSON v. STATE.   (6 Div. 150.)

Court of Appeals of Alabama.   May 24, 1927.

Rehearing Denied June 21, 1927.

Coleman D. Shepherd, of Jasper, for appellant.

134

Charlie C. McCall, Atty. Gen., and Curtis Pennington & Pou, of Jasper, for the State.

SAMFORD, J. ▮ The defendant made a motion to "quash the indictment herein and the venire," because the sheriff served a summons on Eugene B. Hanby, who qualified as a juror, and the list of jurors served on defendant from which to select a jury contained the name of Eugene B. Handley. It was shown that these were one and the same. There is no merit in the motion for several reasons: (1) The motion is to quash both the indictment and the venire from which the jury to try the case was to be selected. Certainly a defect in this venire could not affect the indictment. (2) It was shown that Eugene B. Hanby and Eugene B. Handley were one and the same person. (3) The court offered to strike the name of Hanby from the list of jurors, if the defendant so requested, which the defendant declined to do, and then objected to being required to select a jury from the list including the name of Hanby. This was trifling with the court and cannot be permitted. (4) The number of names left after striking the name of Hanby were in excess of the number required by law.

▮▮ The evidence for the state tended to prove that the deceased and three other boys were riding in a single-seated Ford car at night on the public highway; that three of the boys were riding in the single seat and deceased was riding on the top of the seat facing the rear; that the defendant flashed a light in the face of the driver, who did not stop, and as the car passed the defendant began shooting and one of the shots hit deceased, as a result of which he died. There was an effort made by defendant to prove that the boys in the car had some whisky and had taken a drink. This evidence was, of course, irrelevant. The defendant was a deputy sheriff, but this fact would not justify him in shooting deceased because he possessed whisky or had taken a drink, nor would it give the defendant the right to shoot into the car where he supposed whisky to be. The defendant, though an officer, had no warrant to execute—did not even make himself known to the boys in the car. Cobb v. State, 19 Ala. App. 345, 97 So. 779; Davis v. State, 20 Ala. App. 131, 101 So. 171; Watson v. State, ante, p. 57, 112 So. 181.

▮ It follows that the effort to impeach the state's witness Cabiness by reason of statements made by him out of court that there was whisky in the car was properly excluded by the court on the ground that a witness may not be impeached upon immaterial testimony.

▮ All of the testimony offered relating to whether or not the boys in the car had a quart of whisky was irrelevant. Admitting that they did have a quart of whisky, that they stopped the car and took a drink, neither or both of these facts would justify this defendant in shooting into them with a 44 Colt's pistol, and when he did and death resulted from his illegal act, there being no element of self-defense involved, the crime could not be less than manslaughter in the first degree, which is the judgment here.

▮ There appears in the record many written charges, some of which are marked "given" and some "refused," all of them being signed by the judge, but whether these charges were requested by the state or the defendant does not appear from the record. For this reason the charges are not considered.

We find no error in the record, and the judgment is affirmed.

Affirmed.