(113 So. 474)

## HODGES v. STATE. (6 Div. 164.)

Court of Appeals of Alabama. June 7, 1927.

Rehearing Denied June 30, 1927.

Johnson & Harvey, of Oneonta, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

RICE, J. Appellant, after a severance granted at his request, was tried separately, under an indictment charging him, along with five others, with the offense of murder in the first degree. He was convicted of the offense of manslaughter in the first degree and given a sentence to serve imprisonment in the penitentiary for a term of six years and six months.

The evidence on the part of the state tended to show that appellant, with those named in the indictment with him, had entered into an agreement or conspiracy to engage in the unlawful manufacture of whisky and to resist, even to the taking of human life, any interference with their operations on the part of officers of the law. And that, in pursuance of and as a result of that agreement, and while it was being carried out or performed, one R. W. Buckner, a federal prohibition officer, was unlawfully shot and killed by one of appellant's alleged coconspirators. The defendant (appellant) denied the existence of any conspiracy, and denied any participation in, or connection with, the killing of Buckner.

■ This court, speaking through Samford, J., in Ex parte Lawrence, 21 Ala. App. 537, 109 So. 615, which dealt with a petition for writ of habeas corpus growing out of the same transaction for participation in which this appellant was convicted, undertook to lay down what we conceived to be the general rule of law governing trials such as that here under review. For convenience we now quote and reaffirm that principle, to wit:

"* * * Where parties conspire together to engage in the unlawful manufacture of whisky * * * and for the purpose of preventing interference with their unlawful purpose, or for the purpose of resisting arrest, if discovered, and during the progress of the manufacture of the prohibited liquor and as a part of the res gestæ they are apprehended in the crime, and one of the conspirators shoots one of the apprehending officers, from which such officer dies, the crime is murder, which may be punished in the highest degree, and its criminality extends to and embraces every party to the conspiracy." Ex parte Lawrence, supra, and the authorities therein cited.

■ With reference to what is required to show, or how may be shown, a conspiracy, this court, also speaking through Samford, J., in Lancaster v. State, 21 Ala. App. 140, 106 So. 609, said, what we here reaffirm, to wit:

"* * * The evidence takes a wide range. Any fact or circumstance, either direct or circumstantial, tending to establish a concurring agreement to carry into effect a common purpose to commit the crime, is relevant and admissible in evidence. * * * A motive, threats, assembling together at unusual times and places, declaration of purpose, acts in preparation, and, in fact, any act or words of the parties charged, though remote, tending to an understanding of a common purpose to carry out a common design, would be relevant and admissible."

We have carefully examined each exception reserved on the taking of testimony, as well as the exceptions reserved to portions of the trial court's oral charge. Likewise the written charges refused to appellant have been closely scrutinized.

Weighing every ruling of the trial court, adverse to appellant's contention against the two general principles of law set out in the preceding paragraphs of this opinion, we are convinced that in none of said rulings did the said trial court commit reversible error. The said court seems to have had a clear grasp of the rules of law we have hereinabove set down, and, in each instance where a ruling was called for, appears to have acted in accordance therewith. We are not of the opinion that any good purpose would be served by a seriatim discussion of the several exceptions appearing in the record to have been, and otherwise, reserved.

■ It would be useless to observe that all parts of the trial court's oral charge, and the written charges given at appellant's request, are required to be considered together in passing upon the question of whether or not the giving of any given, specified, portion of said oral charge constituted prejudicial error. Such is the well-understood rule.

■ We will simply content ourselves by saying that, in this case, it is clear that the trial court was careful to include in his oral charge, in connection with the numerous charges he gave at appellant's request, every pertinent principle of applicable law. And in our opinion he did it correctly. This was a sufficient reason for refusing each of the written charges, other than the general affirmative charges, shown to have been requested by and refused to appellant.

We find nowhere any prejudicial error, and the judgment of conviction is affirmed.

Affirmed.

BRICKEN, P. J., concurs in conclusion.