(119 So. 243)
### SULLIVAN v. STATE. (1 Div. 815.)
Court of Appeals of Alabama. Dec. 18, 1928.

Granade & Granade, of Chatom, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J. ▋ Before the trial was entered into it was ascertained that two of the jurors appearing on the venire had been members of a jury which had tried this case at a former term of the court, both of whom stated to the court that, by reason of having served on such former jury, they held a fixed opinion that would influence their verdict. These jurors were properly excused by the court. Biggs v. State, 20 Ala. App. 449, 103 So. 706.

▋ There appears in the bill of exceptions the following:

"Counsel for defendant moved the court to quash the venire on the ground that the name of the juror Henry N. Jordan, appears twice on the list, thereby depriving this defendant of one juror allowed him by law for the trial of this cause, and further because John L. Sullivan, brother of this defendant, and who was jointly indicted with him, was tried from a portion of this venire on the day prior to this trial, and that another brother, Oliver Sullivan, who was jointly indicted with this defendant, has his case set for trial on the day following this date. Before ruling on the motion the court inserts in the record that after all challenges for cause and after all jurors excused have been taken off, there still remains fifty-five (55) qualified jurors on the list furnished defend-ant from which the jury in this cause is to be selected; that twenty-five (25) special jurors allowed the defendant in this cause were summoned for this particular day, and all jurors who were not engaged in the trial of the cause of John L. Sullivan on the day prior to this date, were excused from the court room and did not hear the trial of the State v. John L. Sullivan on yesterday. Among the 55 qualified jurors, Henry N. Jordan's name appeared only once.

"Whereupon· the court overruled the motion and then and there the defendant duly excepted.

"The court then offered, before beginning to strike the jury, to permit the defendant to challenge for cause jurors Richard Miller, Frank Hoffman, M. E. Boykin, Ed Thomas, McC. Bailey and Henry N. Jordan who served on the panel which tried the cause of the State of Alabama v. John L. Sullivan on the day prior to this day and in this court. The court offered to excuse these jurors from the panel if the defendant desired. Counsel for defendant stated that the defendant refused to challenge them."

The foregoing statement clearly discloses that the defendant had every right necessary to insure him a fair and an impartial jury to try his case. While it may be conceded that the court committed technical error in overruling the motion to quash the venire on the ground of a duplication of the name of Henry M. Jordan, it does not appear that the substantial rights of defendant were affected to his prejudice. The various statutes designed for the protection of defendants in the selection of juries contemplate the reduction of the number of jurors drawn and summoned under the order of the court. So, when it comes to the organization of the petit jury to try a capital case under section 8644 of the Code, if the order of the court is regular and conforms to the mandatory requirements of the statute, and if the number of veniremen has not been reduced below 30 as provided by section 8646 of the Code of 1923, and it further appears to the satisfaction of this court that no injury resulted to the defenadnt from the ruling of the court, such ruling, even if error, will not justify a reversal of the judgment. Code 1923, § 3258; Evans v. State, 209 Ala. 563, 96 So. 923; McNutt v. State, post, p. 43, 121 So. 432.

We have carefully considered the opinion in Spooney v. State, 217 Ala. 219, 115 So. 308, and, while there are some expressions in the opinion which at first blush would seem to be at variance with the above, in reality there is none. The Spooney Case deals specially with the order of the court, and holds that, where such *order* does not conform to the mandates of the statutes, the defendant has been deprived of a constitutional right, which is injurious, whereas in this case the

error complained of was in the execution of a valid order, in the execution of which there was an error or mistake which might or might not be injurious, according to the facts in the case.

A proper predicate was laid for the introduction in evidence of the dying declaration of the deceased. The rulings of the court as to the admission of this dying declaration were without error.

■ The evidence in this case tends to prove facts, going to show that the defendant and several others entered into a conspiracy to go to the humble home of Oliver Lee, a negro, in the nighttime, then and there to give him a whipping for and on account of some real or fancied conduct on the part of Lee towards one or all of the conspirators. They proceeded to the house on the night of the homicide, armed with at least two guns towards the furtherance of this purpose. When they arrived in front of Lee's home, one of the party shot and killed him. At the time of the shooting, Robert, the defendant, was standing by the side of John L., who did the actual shooting. They then ran off together. The facts presented by the bill of exceptions are such as to authorize a jury to find that this defendant had combined with others to commit an unlawful act on the person of Lee. and, in the event of such finding, the defendant would be guilty of the homicide, although John L. Sullivan fired the shot. 13 R. C. L. 729, par. 29; Ex parte Lawrence, 21 Ala. App. 537, 109 So. 615; Hodges v. State, 22 Ala. App. 144, 113 So. 474.

■ The excerpts from the argument of defendant's counsel, to which objection was made by the state and sustained by the court, is too much of a "fragment" upon which to base an intelligent ruling. In presenting exceptions of this character, counsel should set out enough of the argument to show connection.

Rulings of the court upon the admission of testimony were either free from error or without prejudice to defendant. No brief has come to the hands of the court, but we have examined each exception reserved.

There is no error in the record, and the judgment is affirmed.

Affirmed.