(124 So. 408)

### IRWIN v. STATE. (8 Div. 895.)

Court of Appeals of Alabama. June 29, 1929.

Rehearing Denied Oct. 8, 1929.

Wert & Hutson, of Decatur, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

RICE, J. Appellant was indicted and put on trial for murder in the first degree. She was convicted of the offense of murder in the second degree, and her punishment fixed at imprisonment in the penitentiary for a term of 12 years.

Upon her arraignment, the court made an order setting her case for trial and providing for a venire of 73 jurors, to consist of 25 special jurors then and there drawn and ordered summoned, together with the 48 jurors regularly drawn for the week in which said case was set for trial. Code 1923, § 8644. This order, of course, required and provided that a list of said special venire be forthwith served on the defendant (appellant). Code 1923, §§ 5568, 8644.

On said list as it was made up by the clerk the name of one Elmus Drinkard, who was neither drawn as a regular nor special juror above, was substituted for Elmus Rutledge, one of the jurors whose name the list should have carried. This of course operated to cause the "list" served upon appellant (defendant) not to be an exact "copy of the venire for her trial." Code 1923, § 5568. And it likewise caused the (her) venire to be "one name short"; Elmus Drinkard being, for the purposes of her trial, merely a "name" and not a juror, and Elmus Rutledge one of her jurors, being left off the list, and, by order of the court made on the hearing of the motion to quash the venire, not put upon the defendant against her will.

Motion was duly made to quash the venire, on the ground outlined above, and overruled. Exception was reserved. The action of the court in overruling this motion is the only ruling apparent requiring discussion at our hands.

Appellant relies for a reversal on the error in this ruling, as such error in a similar ruling is pointed out in the opinion in Carwile v. State, 148 Ala. 576, 39 So. 220. And it would seem, from a reading of the opinion in the case just cited that the ruling mentioned constituted reversible error.

However, after a careful study of such cases bearing on the question before us as we have been able to find, unaided by any brief on behalf of the state, we have reached the conclusion that the question is decided adversely to appellant's contention by the majority opinion in the case of Evans v. State, 209 Ala. 563, 96 So. 923, which opinion is in the following language:

"The majority, composed of Anderson, C. J., and McClellan, Somerville, and Gardner, JJ., are of the opinion, and so hold, that the trial court did not commit reversible error in putting the defendant on trial by the venire drawn, notwithstanding the duplication on the list of the name of Jas. A. Mitchell. This error doubtless occurred in filling the box, and, notwithstanding the venire was one name short, it contained 49 more names than the minimum number fixed by law, and from aught appearing 30 or more appeared, and it was not necessary to augment the number unless reduced below 30. The authorities relied upon in the opinion of Thomas, J., except perhaps the Jackson Case, were under older jury laws; but the law of 1909 and 1919 indicated a legislative desire to avoid reversals by errors of this character should it appear that there was no error in the order of the court, and that the defendant was tried by what constituted a lawful venire, that is, had a venire of 50 or over in the first instance, and the list from which he was to strike contained 30 or more names. Courts are not only intended to administer justice, but should be also conducted for practical purposes, and to our mind it would be a legal travesty to reverse this case solely upon the ground that the name of Mitchell was duplicated, notwithstanding the venire contained 99 names, and the defendant had every means of securing a fair and impartial jury."

We are unable to distinguish, in principle at least, the question dealt with in the opinion just quoted and that before us for decision. And, while the Supreme Court was seriously divided on the holding therein announced, and while some the justices participating therein are now deceased, and others of them departed, yet, if we are correct in our conclusion that the question therein decided is similar in principle to the one before us, it is our duty to hold in accordance with said majority opinion. Code 1923, § 7318.

Accordingly, we hold, for the exact reasons set out so forcibly in said majority opinion in the Evans Case, supra, that the trial court in the instant case did not err in overruling appellant's motion to quash the venire.

Here, as in the Evans Case, supra, it clearly appears "that there was no error in the order of the court, and that the defendant was tried by what constituted a lawful venire, that is, had a venire of 50 or over in the first instance, and the list from which he (she) was to strike contained 30 or more names." And we repeat, appropriating it as our own language: "Courts are not only intended to administer justice, but should be also conducted for practical purposes, and to our mind it would be a legal travesty to reverse this case solely upon the ground that the name" of Elmus Drinkard was substituted on the list served upon appellant for that of Elmus Rutledge, "notwithstanding the venire contained" 72 "names, and the defendant had every means of securing a fair and impartial jury."

The holding here is, we think, further supported by the opinion by this court in Jackson v. State, 22 Ala. App. 133, 114 So. 68, which opinion was reviewed by the Supreme Court, and the writ of certiorari denied. Id., 216 Ala. 564, 114 So. 69.

Finding nowhere any prejudicial error, the judgment is affirmed.

Affirmed.

BRICKEN, P. J., dissents.