*(124 So. 410)*

## IRWIN v. STATE. (8 Div. 159.)

Supreme Court of Alabama. Oct. 31, 1929.

Wert & Hutson, of Decatur, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

FOSTER, J. This is a capital case, and the only question considered by the Court of Appeals is the judgment of the circuit court overruling a motion to quash the venire.

It seems that Elmus Rutledge was drawn as a regular juror for the week of the trial of the case, and appeared and served as such. The list of the venire served on defendant showed the name of Elmus Drinkard, as residing at Albany. There was a qualified juror in the county named Elmus Drinkard who resided at Falkville, and who had served as a regular juror of the court for the preceding week.

The Court of Appeals affirmed the judgment, and appellant has applied to this court for a certiorari. This court has considered many aspects of the jury laws applicable to capital cases, as such laws have from time to time been amended.

The Court of Appeals applied to this case the principles given effect in the case of Evans v. State, 209 Ala. 563, 96 So. 923. Petitioner claims the benefit of a policy such as was stated in the case of Carwile v. State, 148 Ala. 576, 39 So. 220, followed in Walker v. State, 146 Ala. 45, 41 So. 878, and which is supposed to be manifested in the case of Spooney v. State, 217 Ala. 219, 115 So. 308, as reaffirmed in Doss v. State (Ala. Sup.) 123 So. 231.[1] In the two cases last named, following Zininam v. State, 186 Ala. 9, 65 So. 56, this court reaffirmed the proposition that the requirements of section 8644, Code, are mandatory. This includes the provision that the special venire shall consist of those specially drawn and the regular jurors drawn for that week of court, and that a list of them must be served on defendant. Such should have been the order of the court in the Spooney Case, supra, whereas only 35 of the 48 drawn for the regular jury were ordered to be placed on the list. In making such an order, the court clearly disregarded the mandatory provision of the statute.

In the case of Carwile v. State, supra, it was held that a list of the venire served on defendant which contained the name of a person not properly on the list, because he had not been summoned, did not comply with a statute then in force, and a motion to quash the venire should have been sustained. This was based upon a statute which made the venire consist of a number of special jurors, with the regular jurors "drawn and summoned" for the week. This court held that there was reversible error, and the situation was not due to "a mistake in the name of any person summoned as a juror" within the saving clause of section 5007, Code 1896, then in ef-

fect, and that it cannot be said to have been without prejudice.

Petitioner expresses the conviction that this case should control on the pending petition. It doubtless would be so held but for changes in the law occurring since it was written as they have been interpreted by this court and re-enacted with such interpretation included.

While the express requirements of the jury law now as then, including the service on defendant of a list of the names of the venire, are mandatory notwithstanding the liberal terms of section 8636, Code of 1923, it nevertheless appears that this section, enacted subsequent to the Carwile Case, supra, when taken in connection with sections 8637 and 8648, some of whose provisions have been added since that opinion was written, means that "clerical and ministerial mistakes in the preparation of the venire" and list to be served on defendant do not furnish sufficient ground to quash the venire when it does not appear that prejudice resulted. Zininam v. State, supra; Spooney v. State, supra.

In line with this policy, this court refused to reverse in the Evans Case, supra, when by mistake the name of a juror appeared twice on the venire, having appeared on two slips in the jury box, and both of them had been drawn. While there was a division of this court on that subject, yet in McNutt v. State, 219 Ala. 116, 121 So. 435, the court refused to grant a certiorari to the Court of Appeals when that court followed the Evans Case, and that court has also followed it in Largin v. State, 20 Ala. App. 550, 104 So. 50, and Sullivan v. State, 119 So. 243, and the question there considered should now be regarded as firmly settled.

In the Zininam Case, supra, there was an error in the name of one juror in the list served on defendant, and the court improperly excused him from attending on account of such error. It was held that this was not sufficient ground to quash the venire, but that, if defendant desired to have placed on the panel the name of the juror who had been drawn, his proper course would have been to object to the requirement that he strike from a list without his name upon it.

The same legal situation was presented in the case of Edgar v. State, 183 Ala. 36, 62 So. 800. There a juror's name was incorrectly stated on the list served on defendant. The court excused the juror. Defendant moved to quash the venire, which was overruled it was said, without error. He then objected to the requirement to select a jury from the list without having on it the name of the excused juror. The court overruled this objection, and it was held to be reversible error.

While we must apply the mandatory force of the statute in considering this petition, so far as applicable, we must bear in

---

[1] Ante, p. 30.

162

mind the principle that it does not include "clerical and ministerial mistakes" in preparing the list to be served on defendant when they do not apparently prejudice his rights. The opinion of the Court of Appeals shows that the circuit court did make an order in all respects pursuant to the provisions of section 8644, Code, and in open court drew from the jury box the appropriate number of jurors as directed in his order, and caused a further order to issue to the sheriff to summon them all to appear. The statute further provides that the court "must cause a list of the names of all the jurors drawn for the week in which the trial is set, and those drawn as provided in this section, together with a copy of the indictment, to be forthwith served on the defendant." There was not shown to have been an error or irregularity in any order of the court pertaining to the venire, or the manner of drawing it. The venire was therefore legal in every respect. The only trouble is with the copy of it served on defendant. We think that the inference may be indulged from the facts stated in the opinion of the Court of Appeals, in the absence of allegation or contention to the contrary, that the clerk, in making a copy of the venire for service on defendant, confused the names of the two men and made a mistake in stating the name of Elmus Rutledge. He had been drawn, summoned, and was in attendance. Drinkard had not been drawn, summoned, and apparently was not in attendance. But, however, that may be, if defendant had desired, he could have successfully objected to striking from the list without the true name of the juror on it, in place of Drinkard, since he seems by his motion to have fully known of the facts in this connection before beginning to strike the jury. The proper remedy to that effect is pointed out in the Zininam and Edgar Cases, supra. If defendant needed further time to consider the name of Rutledge as a juror, he should have asked for it. The error in the list constituted no defect in the venire, but was merely a defect in the copy of it served on defendant. This could have been easily corrected and the trial postponed a reasonable time if justice required it and defendant had so requested.

We conclude that the court committed no reversible error in refusing to quash a perfectly legal venire, and no other ruling in that connection was considered by the Court of Appeals.

Finding that the opinion of the Court of Appeals is in accord with what we think is a proper construction of our statutes and decisions, the petition for certiorari is denied.

Writ denied.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.