58 So.2d 466

## TWYMAN v. STATE.
### 7 Div. 71.

Court of Appeals of Alabama.
Feb. 5, 1952.

Rehearing Denied March 13, 1952.

Si Garrett, Atty. Gen., L. E. Barton, Asst. Atty. Gen., and Chas. C. Carlton, Montgomery, of counsel, for the State.

Wm. C. Bibb and Wilkes C. Robinson, Anniston, for appellant.

CARR, Presiding Judge.

In the court below the accused was convicted of grand larceny. The indictment under which he was prosecuted charged the offense of robbery.

The defendant was duly arraigned under the provisions of Title 30, Sec. 63, Code 1940.

The venire consisted of the names of 60 regular jurors and 40 special jurors.

The names of D. B. Curry and W. A. Hurst each appeared twice on the venire. The record discloses that these were not different persons with the same name, but were in fact duplications.

The striking list contained 58 names and the indicated duplications appeared thereon.

Appellant's counsel raised the question of the irregularities or mistakes by a motion to quash the venire; objection to being put to trial; and objection to being required to strike from the prepared list.

The motion and the objections were overruled.

The rulings of the court incident to the above procedure present the only questions for our review.

Sec. 67, Title 30, Code 1940, provides:

"If the sheriff fails to summon any of the jurors drawn, or any jurors summoned fail or refuse to attend the trial, or there is any mistake in the name of any juror drawn or summoned, none nor all of these grounds shall be sufficient to quash the venire or continue the cause."

In capital cases the court is not required to summon talesmen unless the number of competent jurors shall be reduced to less than thirty. Title 30, Sec. 65, Code 1940; Bridges v. State, 225 Ala. 81, 142 So. 56; Courington v. State, 20 Ala.App. 581, 104 So. 341.

We find considerable conflict among the authorities in this jurisdiction in respect to the matter of instant concern. The earlier cases adhered to holdings that support appellant's contention. The later cases do not.

The conflicts may be accounted for, to some extent at least, by the fact that our jury laws have undergone changes from time to time.

In the case of Evans v. State, 209 Ala. 563, 96 So. 923, 925, the defendant made a motion to quash the special venire because the name of James A. Mitchell appeared twice on the list and he was one and the same person.

Justice Thomas authorized the dissenting opinion. He held that this motion was properly overruled. The defendant then objected to being required to strike from the venire because of the indicated duplication. The court overruled the objection. Justice Thomas concluded that this was error and had the concurrence of two other members of the court.

Chief Justice Anderson expressed the view of the majority as follows:

"The majority, composed of Anderson, C. J., and McClellan, Somerville, and Gardner, JJ., are of the opinion, and so hold, that the trial court did not commit reversible error in putting the defendant on trial by the venire drawn, notwithstanding the duplication on the list of the name of Jas. A. Mitchell. This error doubtless occurred in filling the box, and, notwithstanding the venire was one name short, it contained 49 more names than the minimum number fixed by law, and from aught appearing 30 or more appeared, and it was not necessary to augment the number unless reduced below 30. The authorities relied upon in the opinion of Thomas, J., except perhaps the Jackson Case [Jackson v. State, 171 Ala. 38, 55 So. 118], were under older jury laws; but the law of 1909 and 1919 indicated a legislative desire to avoid reversals by errors of this character should it appear that there was no error in the order of the court, and that the defendant was tried by what constituted a lawful venire, that is, had a venire of 50 or over in the first instance, and the list from which he was to strike contained 30 or more names. Courts are not only intended to administer justice, but should be also conducted for practical purposes, and to our mind it would be a legal travesty to reverse this case solely upon the ground that the name of Mitchell was duplicated, notwithstanding the venire contained 99 names, and the defendant had every means of securing a fair and impartial jury."

We reviewed a similar factual situation in the case of Largin v. State, 20 Ala.App. 550, 104 So. 50. It is to be noted that we had before us only the review of the action of the lower court in overruling the motion to quash the venire. However, we adopted the holding in the Evans case, supra, as a controlling authority to sustain the ruling of the lower court.

The question was again before us in similar factual form in McNutt v. State, 23 Ala.App. 43, 121 So. 432, certiorari denied 219 Ala. 116, 121 So. 435, and Sullivan v. State, 23 Ala.App. 10, 119 So. 243.

In each of these cases the question presented was the action of the court in overruling the motion to quash the venire. In both we relied on the Evans case, supra, for authority. We observed in the Sullivan case that it constituted a technical error for the court to overrule the motion. However, we applied the harmless error doctrine.

In the case of Irwin v. State, 23 Ala.App. 284, 124 So. 408, 409, certiorari denied 220 Ala. 160, 124 So. 410, 411, the irregularity was occasioned by the substitution of a wrong name on the jury list which was served on the defendant. We sustained the action of the lower court in denying the motion to quash the venire. We observed: "We are unable to distinguish, in principle at least, the question dealt with in the opinion just quoted (Evans case, supra, we add) and that before us for decision."

On certiorari, in response to the review, the Supreme Court held:

"In line with this policy, this court refused to reverse in the Evans Case, supra, when by mistake the name of a juror appeared twice on the venire, having appeared on two slips in the jury box, and both of them had been drawn. While there was a division of this court on that subject, yet in McNutt v. State, 219 Ala. 116, 121 So. 435, the court refused to grant a certiorari to the Court of Appeals when that court followed the Evans Case, and that court has also followed it in Largin v. State, 20 Ala.App. 550, 104 So. 50, and Sullivan v. State [23 Ala.App. 10], 119 So. 243, and the question there considered should now be regarded as firmly settled."

In the case of Beverett v. State, 24 Ala. App. 470, 136 So. 843, certiorari denied 223 Ala. 405, 136 So. 845, the venire contained a duplication of the name of a juror. On the authority of the Evans case, supra, we held that it was not error for the court to overrule the motion to quash the venire.

This holding was not disturbed on certiorari.

It is evincingly clear from the opinions in the above-cited cases that this court and the Supreme Court were considering that aspect of the Evans case opinion which treated the question on which the court was divided in their views. There was no division on the matter relating to the action of the lower court in denying the motion to quash the venire.

Be this as it may, the Evans case does decide the specific question with which we are concerned in the case at bar. We are required to follow this authority. Title 13, Sec. 95, Code 1940.

The judgment below is ordered affirmed.

Affirmed.